## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID BAILEY,                                    Case No. 1:12-cv-140
      Plaintiff,                                  Spiegel, J.
                                                 Litkovitz, M.J.
      vs.

COMMISSIONER OF                                  **REPORT AND**
SOCIAL SECURITY,                                 **RECOMMENDATION**
      Defendant.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of Errors (Doc. 19), the Commissioner's response in opposition (Doc. 22), and plaintiff's reply memorandum. (Doc. 23).

## I. Procedural Background

Plaintiff filed applications for children's disability insurance benefits and SSI in February 2009, alleging disability since December 31, 1984,[1] due to brain damage, nervousness, forgetfulness, and anxiety attacks. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge (ALJ) Larry A. Temin. Plaintiff, his girlfriend, and a vocational expert (VE) appeared and testified at the ALJ hearing. On March 11, 2001, the ALJ issued a decision denying plaintiff's SSI application.

---

[1] Plaintiff amended his alleged disability onset date to April 1, 2006 at the administrative hearing,

## II.  Analysis

### A.  Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(A) (SSI).  The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled.  If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).  The claimant has the burden of proof at the first four

---

effectively withdrawing his claim for childhood disability benefits.  (Tr. 28-29).

steps of the sequential evaluation process.  *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).   Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy.  *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B.    The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

1. The [plaintiff] has not engaged in substantial gainful activity since April 1, 2006, the alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The [plaintiff] has the following severe impairments: status post closed head injury/posttraumatic encephalopathy; affective disorder; anxiety disorder, NOS; and borderline intellectual functioning (BIF) (20 CFR 404.1520(c) and 416.920(c)).

3. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the [ALJ] finds that the [plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c).  Specifically, he can perform work activity except as follows: He can lift/carry up to 50 pounds occasionally and 25 pounds frequently, and stand and/or walk for 6 hours in an eight-hour workday.   He can only occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs.   He should not balance, climb ladders, ropes, or scaffolds, or work at unprotected heights or work around hazardous machinery.   He is able to perform only simple, routine, repetitive tasks and understand, remember, and carry out only short and simple instructions.   The [plaintiff] can sustain concentration and attention for two-hour periods, and then requires a break of five minutes.   His job should not require interaction with the general public.   His job should not require more than occasional interaction with coworkers or supervisors, and should not require sustained close interaction with coworkers or supervisors.   The job should not

3

require an inflexible work pace or more than ordinary and routine changes in work setting or duties and no more than simple work-related decisions.   The job should not require more than simple reading, writing, or math.

5. The [plaintiff] is unable to perform any past relevant work[2] (20 CFR 416.965).

6. The [plaintiff] was born [in] . . . 1967 and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 416.963).

7. The [plaintiff] has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the [plaintiff] is "not disabled," whether or not the [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform (20 CFR 416.969, and 416.969(a)).

10. The [plaintiff] has not been under a disability, as defined in the Social Security Act, from April 1, 2006, through the date of this decision (20 CFR 416.920(g)).

(Tr. 10-19) (internal citations omitted).

## C.   Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards.   *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Richardson v. Perales*,

---

[2]Plaintiff has past relevant work as a laborer, machine operator, and forklift operator.   (Tr. 17-18).

4

402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. .

. ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).   In deciding whether the

Commissioner's findings are supported by substantial evidence, the Court considers the record as

a whole.   *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the

disability determination.   Even if substantial evidence supports the ALJ's conclusion that the

plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails

to follow its own regulations and where that error prejudices a claimant on the merits or deprives

the claimant of a substantial right."   *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746).

*See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise

supported by substantial evidence where ALJ failed to give good reasons for not giving weight to

treating physician's opinion, thereby violating the agency's own regulations).

### D.   Specific Error

Plaintiff's sole argument on appeal is that the ALJ erred in finding that he did not meet the

requirements for mental retardation, Listing 12.05B.   Listing 12.05 provides in pertinent part:

> Mental Retardation refers to significantly subaverage general intellectual
> functioning with deficits in adaptive functioning initially manifested during the
> developmental period, i.e., the evidence demonstrates or supports onset of the
> impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A,
> B, C, or D are satisfied.
> . . . .
>
>  B. A valid verbal, performance, or full scale IQ of 59 or less . . . .

5

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B.

To meet Listing 12.05 for mental retardation, a claimant must satisfy "the diagnostic description in the introductory paragraph" in addition to one of the A, B, C, or D criteria of the Listing.  *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A)).   In other words, the claimant must prove: (1) he suffers from "significantly subaverage general intellectual functioning," (2) he suffers from "deficits in adaptive functioning," (3) such deficits initially manifested during the developmental period (*i.e.,* before age 22), and (4) one of the four criteria (A, B, C, or D) is met.  *Daniels v. Comm'r of Soc. Sec.,* 70 F. App'x 868, 872 (6th Cir. 2003); *see also Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 721 (6th Cir. 2012).

Plaintiff asserts that he qualifies as mentally retarded under Listing 12.05B because: (1) he has subaverage intellectual functioning as evidenced by plaintiff's ALJ hearing testimony, the March 27, 2009 report of James J. Rosenthal, Psy.D, a consultative psychiatric examiner, and his attendance of special education classes in middle school; (2) he began to display significantly subaverage intellectual functioning prior to age twenty-two as evidenced by the affidavit of Ms. Rebecca Powers,[3] plaintiff's seventh and eighth grade special education teacher; (3) the record evidence supports a finding that he has adaptive skills limitations; and (4) he has a valid full scale I.Q. score of 59 on the Wechsler Adult Intelligence Scale (WAIS) III.   (Doc. 19 at 4-5).

The Commissioner argues in opposition that the ALJ's determination is substantially supported as plaintiff was unable to demonstrate that his impairments caused significant deficits

---

[3] Ms. Powers attests that she was a special education teacher at Hamersville Elementary School in Hamersville, Ohio from 1978 through 1995 and that in the early 1980's, plaintiff was a student in her special education classes in the seventh and eighth grades.   (Tr. 543).   She also averred that she did not have access to any records from that time period.   (*Id.*).

in adaptive functioning manifesting prior to age twenty-two, a requisite element of Listing 12.05B.   The Commissioner notes that the only evidence before the ALJ was: (1) plaintiff's testimony and subjective statements to consultative examining psychologists that plaintiff was in special education classes in middle school; and (2) a notation from plaintiff's middle school that "[n]o special education records for [plaintiff] were found at Western Brown Local Schools at this time."   (Doc. 22 at 5) (quoting Tr. 248).   The Commissioner acknowledges Ms. Powers' affidavit but contends it may not be considered by the Court as it was not in evidence before the ALJ at the time he rendered his decision.   *Id*. at 6.   Further, the Commissioner argues that even if the affidavit evidence might support a remand under Sentence Six of 42 U.S.C. § 405(g), plaintiff is not entitled to this relief as he failed to expressly request it in his Statement of Errors and because he has not shown good cause for failing to submit it earlier.   *Id*.

In reply, plaintiff contends that remand under Sentence Four of 42 U.S.C. § 405(g)[4] is appropriate as the ALJ's decision is not substantially supported insofar as it is contradicted by Ms. Powers' affidavit.   Plaintiff argues that this Court has the authority to remand this matter under Sentence Four because the affidavit was submitted as additional evidence to the Appeals Council and is part of the "transcript of the record."   *See* Doc. 23 at 3.   For the following reasons, plaintiff's arguments are not well-taken and the undersigned recommends that the decision of the ALJ be affirmed.

At the outset, the undersigned notes that plaintiff's contention that the Court may consider Ms. Powers' affidavit in determining whether the ALJ's decision is substantially supported is incorrect.   Plaintiff asserts that the affidavit is "part of the record subject to review

---

[4]Sentence Four provides: "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or

by this Court" because it was reviewed and considered by the Appeals Council.   (Doc. 23 at 2-3, citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).   Contrary to plaintiff's argument, the Sixth Circuit has made clear that where "the Appeals Council considers the new evidence but declines to review the case," as it did in this case, the District Court may only consider the new evidence in determining if remand is appropriate under Sentence Six of 42 U.S.C. § 405(g).[5] *Cotton*, 2 F.3d at 696.   Accordingly, the affidavit evidence "cannot be considered part of the record for purposes of substantial evidence review."   *Foster*, 279 F.3d at 357.   Therefore, review of the ALJ's Listing 12.05B finding is limited to the evidence that was before the ALJ.

The ALJ's determination that plaintiff does not meet Listing 12.05B is substantially supported by the record.   As stated above, to meet Listing 12.05B plaintiff must proffer evidence that he has subaverage intellectual functioning and limitations in adaptive skills that manifested before age twenty-two and an I.Q. score of 59 or less.   *Courter*, 479 F. App'x at 721.   As an initial matter, the Court notes that plaintiff's low IQ score, in itself, is not evidence of "subaverage intellectual functioning or deficits in his adaptive functioning during his developmental period."   *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491-492 (6th Cir. 2010).   In addition to the present IQ score, plaintiff must present evidence showing deficits during his developmental period.   *Id.* (citing *Foster*, 279 F.3d at 354-55; *West* v. *Comm'r of Soc. Sec.*, 240 F. App'x 692, 698 (6th Cir. 2007)).

In this case, the ALJ noted the record lacked "evidence of sub average general functioning with deficits in adaptive functioning initially manifested before the age of 22."   (Tr.

---

without remanding the cause for a rehearing."   42 U.S.C. § 405(g).
[5]As discussed further, *infra*, before the Court may determine that remand is appropriate under Sentence Six, plaintiff must demonstrate that the evidence is new and material, and that there exists good cause for why the evidence was not part of the record presented to the ALJ.   *See* 42 U.S.C. § 405(g).

12).   While acknowledging plaintiff's testimony that he attended special education classes in grade school, the ALJ stated there was no other evidence to support this claim and the school's response to a records request indicated that no special education records for plaintiff were found at this time.   (*Id*., citing Tr. 248).   In addition, there was conflicting evidence on plaintiff's level of intellectual functioning.   In May 2001, testing showed a full scale IQ of 65 (Tr. 358); in March 2007, plaintiff's full scale IQ was 71 (Tr. 407); in March 2009, plaintiff's full scale IQ was 59 (Tr. 434).   While testing in 2001 and 2009 supported a finding that plaintiff functioned in the mild mentally retarded range, testing in 2007 supported a finding of borderline intellectual functioning.   The ALJ acknowledged this conflicting evidence and, considering the lack of supporting school records, plaintiff's semi-skilled work history as a forklift operator (Tr. 35-36, 62), and the opinions of the state agency psychologists assessing borderline intellectual functioning (Tr. 457, Tr. 475), resolved the conflict in favor of a finding of borderline intellectual functioning and not mild mental retardation.   (Tr. 12-13).   Where, as here, there is substantial evidence supporting the ALJ's resolution of the conflict, the Court is constrained to uphold the ALJ's decision that plaintiff does not meet Listing 12.05B.   *See Foster*, 279 F.3d at 353 (court "must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Even assuming, *arguendo*, that the record before the ALJ included Ms. Powers' affidavit verifying that plaintiff attended special education classes, this evidence would not likely change the outcome in this case.   Plaintiff bears the burden of producing evidence showing he manifested deficits in adaptive functioning prior to age twenty-two.   *Rabbers*, 582 F.3d at 652.

"The American Psychiatric Association defines adaptive-skills limitations as [c]oncurrent deficits or impairments . . . in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Hayes v. Comm'r of Soc. Sec*, 357 F. App'x 672, 677 (6th Cir. 2009). *See also West,* 240 F. App'x at 698 ("Adaptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills.") (citing *Heller v. Doe by Doe*, 509 U.S. 3212, 329 (1993)); DSM–IV–TR at 42 ("adaptive functioning" is characterized as "how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociocultural background, and community setting").

Plaintiff relies solely on his attendance of special education classes in grades seven and eight to establish his deficits in adaptive functioning during the developmental period. However, Ms. Powers' affidavit confirms only that he was a student in her classes and, without more information, the affidavit sheds no light on the level of plaintiff's adaptive functioning prior to age twenty-two. *See Grillot v. Astrue*, No. 3:11cv374, 2012 WL 5493969, at *14 (S.D. Ohio Nov. 13, 2012) (Report and Recommendation) (Ovington, M.J.) ("Just as the fact a claimant was not enrolled in special education classes does not necessarily preclude him or her from being able to show through other evidence an onset of deficits in adaptive functioning before the age of 22, nor would the fact a claimant was enrolled in special education classes conclusively *establish* the onset of such deficits before age 22.") (emphasis in the original), *adopted*, 2012 WL 6728361 (S.D. Ohio Dec. 28, 2012) (Rose, J.).   Plaintiff's participation in special education classes in the seventh and eighth grades is not conclusive on the question of

whether he had the requisite deficiencies in adaptive functioning during the developmental period.   For example, in *Carter v. Comm'r of Soc. Sec.*, No. 1:10-cv-804, 2012 WL 1028105 (W.D. Mich. Mar. 26, 2012), the court determined that the plaintiff did not meet Listing 12.05 criteria despite evidence of attending special education classes, low grades in school, and low IQ scores as a child because the "plaintiff's claim of deficits in adaptive functioning was undermined by her adaptive skills which had allowed her to be employed in unskilled occupations for many years."   *Id.* at *6.   Likewise, in *Eddy v. Comm'r of Soc. Sec.*, No. 12-1217, 2012 WL 5951507 (6th Cir. 2012), the fact that the plaintiff attended special education classes and quit school after the eighth grade was found "insufficient to undermine the ALJ's conclusion that she did not meet the regulatory listing for mental retardation because [the plaintiff] did not show that her enrollment in special education classes or her failure to continue her schooling were due to her having significantly subaverage general intellectual functioning." *Id*. at *2.   Here, similarly, plaintiff's past work included a history of semi-skilled work as a forklift operator and there was no indication that he was terminated for inadequate work performance.   *See* Tr. 12-13.   Further, while plaintiff left school after grade eight, the record demonstrates that this was not a result of poor academic performance but was an unfortunate result of his father's death.   *See* Tr. 432.   *See also Foster*, 279 F.3d at 355 (fact that plaintiff with significant work history left school after ninth grade, without further explanation, is insufficient to establish adaptive functioning deficits prior to age twenty-two).   *Cf. Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454 (6th Cir. 2012) (Listing 12.05 met where plaintiff presented evidence of low IQ scores, developmental handicap, and speech problems as a child, enrollment in individual education plan, an inability to pass any of the ninth grade proficiency

tests, and inability to engage in ongoing employment as an adult due to performance issues).

Consequently, even if the ALJ were to consider Ms. Power's affidavit that plaintiff was in special

education classes in the seventh and eighth grades, his decision on Listing 12.05 would be

supported by substantial evidence.

The Court now turns to whether remand under Sentence Six of 42 U.S.C. § 405(g) is

warranted.   As the Commissioner correctly notes, plaintiff did not seek a Sentence Six remand

in his Statement of Errors or in his reply brief.[6]   The Commissioner argues that plaintiff's failure

to expressly seek remand under Sentence Six amounts to a waiver.   (Doc. 22 at 6) (citing *Casey

v. Sec'y of H.H.S.*, 987 F.2d 1230 (6th Cir. 1993); *Yamin v. Comm'r of Soc. Sec.*, 67 F. App'x

883, 885 (6th Cir. 2003); *Masterson v. Barnhart*, 309 F.3d 267, 273 n.3 (5th Cir. 2002)).   The

undersigned disagrees.   The Sixth Circuit cases cited by the Commissioner do not hold that the

plaintiffs waived their right to a Sentence Six remand by not expressly requesting one, but simply

that they had failed to present developed arguments which would support such relief.   *See

Casey*, 987 F.2d at 1233 ("Plaintiff has not only failed to make a showing of good cause, but also

has failed to even cite this relevant section or argue a remand is appropriate."); *Yamin*, 67 F.

App'x at 885 ("[Plaintiff] has not requested a remand.").   The Fifth Circuit case the

Commissioner cites simply provides in a footnote that issues not briefed on appeal are waived.

*Masterson*, 309 F.3d at 273 n.3.   Here, however, plaintiff has certainly briefed the issue

inasmuch as he seeks to have Ms. Powers' affidavit considered in overruling the ALJ's decision.

The undersigned finds that given the relevant arguments, the determination of whether a remand

is appropriate should be made on the merits and not on a procedural deficiency.   *See Street v.*

---

[6] In his reply brief, plaintiff states he seeks a remand under Sentence Four, but not under Sentence Six based on new and material evidence.   *See* Doc. 23 at 3.

12

*Comm'r of Soc. Sec.*, 390 F. Supp.2d 630, 640 (E.D. Mich. 2005).   *See also Caldwell v. Astrue*, No. 07-421-JBC, 2009 WL 32897, at *3-4 (E.D. Ky. Jan. 6, 2009) (construing plaintiff's argument for remand as request under Sentence Six where plaintiff did not specify this relief but argument was based on new evidence).   Nevertheless, the Court finds that the instant record does not warrant a Sentence Six remand.

  Where a plaintiff presents additional evidence as part of a Social Security appeal, Sentence Six of 42 U.S.C. § 405(g) governs whether the Court is authorized to remand the matter for consideration of the evidence.   When determining whether to remand a matter under Sentence Six, the Court is not affirming, modifying, or reversing the ALJ's decision or making any ruling as to its correctness.   Rather, the Court is simply determining whether a remand is appropriate in light of new evidence that was not available to the plaintiff at the time of the ALJ hearing.   *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)).   Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding.   *Foster*, 279 F.3d at 357.   To be considered "material" within the meaning of § 405(g), the new evidence 1) must be relevant and probative to plaintiff's condition prior to the Commissioner's decision, and 2) must establish a reasonable probability that the Commissioner would have reached a different decision if the evidence had been considered.   *Sizemore v. Sec'y of H.H.S.*, 865 F.2d 709, 711 (6th Cir. 1988); *Oliver v. Sec'y of H.H.S.*, 804 F.2d 964, 966 (6th Cir. 1986).   To show "good cause," the moving party must present a valid justification for the failure to have acquired and presented the evidence in the prior administrative proceeding.   *Foster*, 279 F.3d at 357.

  As explained above, even if Ms. Power's affidavit were considered by the ALJ, there is

13

not a reasonable probability that a different disposition would result from its consideration.   In addition, plaintiff has not shown good cause why the affidavit was not made part of the record before the ALJ.   "A [plaintiff] shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357.   Plaintiff "must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision."   *Franson v. Comm'r of Soc. Sec.*, 556 F. Supp.2d 716, 726 (W.D. Mich. 2008) (citing cases).   Here, plaintiff has not provided any justification for his failure to acquire Ms. Powers' affidavit prior to the ALJ's decision.   As the Supreme Court has held, the existence of "good cause" is an absolute prerequisite for issuing a Sentence Six remand.   *Melkonyan*, 501 U.S. at 99.   Absent any demonstration by plaintiff of good cause excusing his failure to submit Ms. Powers' affidavit at the ALJ hearing, the Court cannot recommend a remand under Sentence Six.   *Willis v. Sec'y of H.H.S.*, 727 F.2d 551, 554 (6th Cir. 1984).

For the above reasons, the undersigned finds that the ALJ's decision is supported by substantial evidence and should be affirmed.

## III.   Conclusion

It is hereby **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and this matter be closed on the docket of the Court.

Date: 4/26/2013                                              s/Karen L. Litkovitz
                                                             Karen L. Litkovitz
                                                             United States Magistrate Judge

14

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAVID BAILEY,                                          Case No. 1:12-cv-140
      Plaintiff,                                  Spiegel, J.
                                                      Litkovitz, M.J.

      vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.


## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).